| | | |
|---|---|---|
| **ANTONIO L. SHINE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 5).

## I.    BACKGROUND

Petitioner Antonio Lamont Shine has moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence should not have been enhanced under the Sentencing Guidelines for his prior conviction for common law robbery.  Petitioner was involved in distributing drugs in the Beatties Ford Road area of Charlotte, North Carolina.  (Crim. Case No. 3:14-cr-182-MOC-DSC, Doc. No. 48 at ¶ 7: PSR).  A confidential informant provided Petitioner's information and telephone number to a Charlotte-Mecklenburg police detective. (Id.).  On December 12, 2013, the detective, acting in an undercover capacity, called Petitioner and arranged to buy heroin.  (Id.).  Although Petitioner agreed to the transaction and was seen in the area of Beatties Ford Road where the sale was to take place, he did not go through with the deal.  (Id.).  Law enforcement officers executed a search warrant at his residence the next day,

1

finding marijuana, heroin, cocaine, scales, a loaded .9mm Glock, and assorted ammunition.  (Id. at ¶¶ 9-10).  The firearm was found in a book bag containing marijuana, and it had Petitioner's DNA on it.  (Id. at ¶ 11).

A grand jury charged Petitioner with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count One); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a), (b)(1)(D) (Count Two); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Three); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Five).  (Id., Doc. No. 1: Indictment).  The Government filed a notice pursuant to 21 U.S.C. § 851, indicating its intent to rely on Petitioner's prior North Carolina felony conviction for trafficking in cocaine to enhance the penalties under § 841.  (Id., Doc. No. 4: § 851 Notice).

Petitioner agreed to plead guilty to Counts One, Two, Three, and Five, in exchange for the dismissal of Count Four and the § 851 enhancement.  (Id., Doc. No. 32 at ¶¶ 1-2: Plea Agrmt.).  The parties agreed that the four-level enhancement in U.S.S.G. § 2K2.1(b)(6)(B), for possessing or using a firearm during another felony offense, applied and that neither party would seek a departure or variance from the applicable guidelines range.  (Id. at ¶ 7).  Petitioner also agreed to waive the right to contest his conviction or sentence on appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct.  (Id. at ¶¶ 18-19).  After a plea hearing, the magistrate judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made.  (Id., Doc. No. 34: Acceptance and Entry of Guilty Plea).

A probation officer prepared a presentence report (PSR), recommending that, pursuant to U.S.S.G. § 2K2.1(a)(3), Petitioner be sentenced at a base offense level of 22, based on his possession of a firearm that was a semiautomatic weapon capable of accepting a large capacity magazine, as well as his offense occurring subsequent to his having a felony conviction of either a crime of violence or a controlled substance offense, citing his prior North Carolina conviction for common law robbery. (Id., Doc. No. 48 at ¶ 27). The probation officer applied the four-level upward adjustment under § 2K2.1(b)(6)(B) and a three-level downward adjustment for acceptance of responsibility, for a total offense level of 23. (Id. at ¶¶ 28, 35-37) (because the total offense level for the drug offenses was lower, the higher offense level for Count Five was used). The probation officer determined that Petitioner had a criminal history score of nine and a criminal history category of IV, based on prior convictions that included North Carolina convictions for felony possession of cocaine; common law robbery; and trafficking in cocaine by possession, possession with intent to sell and distribute cocaine, possession with intent to sell and distribute MDA/MDMA, possession of drug paraphernalia, and resisting a public officer. (Id. at ¶¶ 41, 45, 47-49). This placed Petitioner's advisory guidelines range at 70 to 87 months of imprisonment. (Id. at ¶ 93).

Petitioner objected to the PSR. (Id. at pp. 22-24). Although Petitioner successfully challenged the original PSR's recommendation that he be sentenced as a career offender, this Court overruled his contention that his common law robbery conviction was not a crime of violence under § 2K2.1, as well as his argument that this conviction was almost outside the fifteen-year time frame for consideration in his criminal history. (Id., Doc. No. 56: Statement of Reasons). This Court specifically found at sentencing that, even if the common law robbery conviction was not used to enhance Petitioner's offense level, the Court would have imposed an

identical sentence.  (Id. at 4).  This Court sentenced Petitioner to 70 months of imprisonment, entering the judgment on December 14, 2015.  (Id., Doc. No. 55: Judgment).

Petitioner did not appeal.  He filed the pending, timely motion to vacate on December 22, 2016.  (Civ. Doc. No. 1 at 1-2).  In response to this Court's order, Petitioner filed an amended motion to vacate on January 29, 2017.  (Civ. Doc. No. 3).  Petitioner argues that his prior North Carolina conviction for common law robbery should not have been used to enhance his sentence under U.S.S.G. § 2K2.1, citing United States v. Gardner, 823 F.3d 793 (4th Cir. 2016).  (Id. at 3-6).  The Government filed its response and motion to dismiss on April 11, 2017.  (Doc. No. 5). On April 20, 2017, this Court issued an order giving Petitioner notice of his right to respond to the Government's motion to dismiss.  (Doc. No. 6).  Petitioner filed a response on May 2, 2017. (Doc. No. 7).  Therefore, this matter is ripe for disposition.

## II.      STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

For the following reasons, the Court dismisses and denies Petitioner's motion to vacate. The Court first finds that Petitioner waived, as part of his plea agreement, the right to seek post-conviction relief, including relief under § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.  (Crim. Case No. 3:14-cr-182-MOC-DSC, Doc. No. 32 at

¶¶ 18-19).  Petitioner does not specifically allege that he is bringing either of these two claims here.[1]  A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  Here, there is no allegation of involuntariness, and any such allegation would be frivolous because it would contradict Petitioner's testimony at the plea hearing.  Furthermore, a waiver in a plea agreement is enforceable even if there is an intervening change in the law.  See United States v. Copeland, 707 F.3d 522, 529 (4th Cir. 2013).  Thus, Petitioner's reliance on Gardner does not affect the validity of his waiver of the right to pursue post-conviction relief.  Accordingly, Petitioner's claim is barred by his plea agreement waiver.  See (Id., Doc. No. 32 at ¶¶ 18-19).

The Court further finds that Petitioner's challenge to his guidelines range is procedurally barred due to his failure to raise this issue on direct appeal.  A § 2255 motion is not a substitute for a direct appeal.  Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008).  "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the

---

[1] Although Petitioner mentions ineffective assistance of counsel, he does not argue that counsel's performance was deficient, nor could he, given that counsel argued at sentencing that Petitioner's prior conviction for common law robbery was not a crime of violence.  Nor does Petitioner allege that the waiver of his right to pursue post-conviction relief was involuntary.  Accordingly, any claim of ineffective assistance of counsel that he may be attempting to raise is conclusory and without merit.  See Strickland v. Washington, 466 U.S. 668, 687-88, 691 (1984); United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013).

claim was not reasonably available when the matter should have been raised." Id. The futility of raising an issue does not establish cause. United States v. Pettiford, 612 F.3d 270, 281 (4th Cir. 2010).

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See United States v. Frady, 456 U.S. 152, 170 (1982). To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Petitioner procedurally defaulted the argument that his guidelines range was improperly calculated because he did not have a prior conviction for a crime of violence by failing to raise this issue on direct appeal. He does not allege cause and prejudice to overcome this procedural default, nor could he show cause and prejudice. Petitioner argued at sentencing that his prior conviction for common law robbery was not a crime of violence, but he did not pursue this issue on appeal. See Pettiford, 612 F.3d at 280-84 (requiring a petitioner to raise an issue even if it is unlikely to succeed). Additionally, he cannot show prejudice where this Court stated at sentencing that it would impose the same sentence even if Petitioner's common law robbery conviction was not used to enhance his sentence. (Crim. Case No. 3:14-cr-182-MOC-DSC, Doc. No. 56 at 4: Statement of Reasons). Petitioner also does not allege that he is actually innocent of the underlying offenses. Instead, he reaffirms his guilt. See (Doc. No. 3 at 2). Because Petitioner cannot show cause, prejudice, or actual innocence, he cannot overcome the procedural bar. See Pettiford, 612 F.3d at 280-84; Mikalajunas, 186 F.3d at 493-94.

Finally, in addition to the guilty plea waiver and procedural default, Petitioner's challenge to his guidelines range is not cognizable on collateral review. "Barring extraordinary circumstances, [] an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); see Mikalajunas, 186 F.3d at 495-96. Petitioner has not shown any error by this Court. In Gardner, the Fourth Circuit held that the appellant's prior convictions for common law robbery did not qualify as crimes of violence under the Armed Career Criminal Act ("ACCA") because they did not qualify under the force clause in 18 U.S.C. § 924(e)(2)(B)(i) and the residual clause in § 924(e)(2)(B)(ii) was unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). The Supreme Court recently held in Beckles v. United States, 137 S. Ct. 886, 895 (2017), that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."

Here, Petitioner was sentenced under U.S.S.G. § 2K2.1(a)(3), which uses the definition of a crime of violence from § 4B1.2(a). U.S.S.G. § 2K2.1 cmt. n.1. Because Beckles held that the residual clause in § 4B1.2(a) is not void for vagueness and Petitioner has not alleged or shown that his prior common law robbery conviction does not qualify as a crime of violence under this residual clause, he has not shown any error by this Court. See United States v. Carmichael, 408 F. App'x 769 at *2 n.2 (4th Cir. 2011) (unpublished) (holding common law robbery conviction qualified as a crime of violence under the ACCA's residual clause).

Moreover, even if he could show error, Petitioner cannot show extraordinary circumstances where he was sentenced within the statutory limits under an advisory guidelines scheme. See United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015) (holding erroneous application of career offender enhancement "was not a fundamental defect that inherently results

in a complete miscarriage of justice"). The absence of extraordinary circumstances also is clear from this Court's determination that it would impose the same sentence even if Petitioner's prior common law robbery conviction was not used to enhance his sentence. Accordingly, this claim is dismissed as non-cognizable.

In sum, because Petitioner's claim is barred by his plea waiver, is procedurally defaulted, and is, in any event, non-cognizable in this § 2255 proceeding, his motion to vacate is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**. To this extent, the Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 8, 2017



Max O. Cogburn Jr.
United States District Judge